KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon Raj Sharma, | No. CV 22-00648-PHX-SPL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Dasha, et al., | |
| Defendants. | |

      Pending before the Court are Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6), Motion to Proceed In Forma Pauperis and Order Service (Doc. 9), Motion to Deviate from Court Approved Form (Doc. 8), Motion for Extension of Time to Amend (Doc. 11), and Motion to Appoint Counsel (Doc. 12). The Court will grant the Motion for Extension of Time and Motion to Deviate from Court Approved From, as described below, and will deny the remaining motions.

**I.     Procedural History**

      On February 14, 2022, Plaintiff Devon Raj Sharma, who is confined in a Maricopa County Jail, filed a Complaint in the Superior Court of Maricopa County, Arizona. On March 31, 2022, Plaintiff filed an Amended Complaint against Unknown Dasha, LPN Jane Doe Wallace, Correctional Health Services (CHS) Employee CS062, CHS Employee Lawrence (CHS425), Maricopa County Sheriff Paul Penzone, and Maricopa County. On April 19, 2022, Defendants Penzone, Wallace, Lawrence, and Maricopa County (the Removing Defendants) filed a Notice of Removal and removed the case to this Court. In

JDDL

a May 4, 2022 Order, the Court dismissed the Amended Complaint and gave Plaintiff 30 days to file a second amended complaint on the court-approved form.

## II.     In Forma Pauperis Status and Motion for Service

Defendants paid the filing and administrative fees related to this case upon removal to this court.  The Court will therefore deny as moot Plaintiff's Application to Proceed In Forma Pauperis and Motion to Proceed In Forma Pauperis.

Because the Court has dismissed the amended complaint, Court will also deny as moot Plaintiff's request for the United States Marshal to serve the amended complaint.  If Plaintiff files a second amended complaint and the Court determines an answer is required, the Court will then order the United States Marshal to serve the second amended complaint.

## III.    Motions to Extend Time and Deviate from Form

In his Motion to Deviate from Court Approved Form, Plaintiff asks that he be allowed to proceed with his amended complaint as written or that the Court allow him to "deviate" from the court-approved form to raise state law claims in addition to his federal claims.

The Court will grant the Motion to the extent that Plaintiff may use the court-approved form to raise state law claims in addition to his federal claims.  In the "Jurisdiction" section of the form, Plaintiff should indicate he is invoking this Court's original jurisdiction (28 U.S.C. § 1343) and supplemental jurisdiction (28 U.S.C. § 1367).  For each claim for relief that raises a state law claim, instead of indicating which constitutional or federal civil right was violated, Plaintiff should state which state law tort or state statute was violated.

Plaintiff is reminded that Local Rule of Civil Procedure 3.4 requires, in part, that "[a]ll complaints . . . by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."  The court-approved form complaint is six pages long and both the form complaint and accompanying instructions permit an inmate to attach "**no more than fifteen additional pages**" of standard letter-sized paper. (Emphasis in original.)

1  Thus, a document that complies with Local Rule of Civil Procedure 3.4 would be no longer
2  than 21 pages.
3       The Court will also grant Plaintiff's Motion for Extension of Time and give Plaintiff
4  30 days from the filing date of this Order to file a second amended complaint.
5  **IV.   Motion to Appoint Counsel**
6       Plaintiff asks that the Court appoint counsel to represent him in this case because he
7  is unable to afford counsel, the issues are complex, and Plaintiff has a high chance of
8  success on the merits.
9       There is no constitutional right to the appointment of counsel in a civil case. *See*
10 *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis,
11 the court may request an attorney to represent any person unable to afford one. 28 U.S.C.
12 § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when
13 "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.
14 1991). A determination with respect to exceptional circumstances requires an evaluation
15 of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his
16 claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these
17 factors is dispositive and both must be viewed together before reaching a decision." *Id.*
18 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).
19       Having considered both elements, it does not appear at this time that exceptional
20 circumstances are present that would require the appointment of counsel in this case.
21 Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will
22 deny without prejudice Plaintiff's Motion to Appoint Counsel.
23 **V.    Warnings**
24       **A.    Address Changes**
25       Plaintiff must file and serve a notice of a change of address in accordance with Rule
26 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
27 relief with a notice of change of address. Failure to comply may result in dismissal of this
28 action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the May 4, 2022 Order, or this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) and Motion to Proceed In Forma Pauperis and Order Service (Doc. 9) are **denied** as moot.

(2) Plaintiff's Motion to Appoint Counsel (Doc. 12) is **denied**.

(3) Plaintiff's Motion to Deviate from Court Approved Forms (Doc. 8) is **granted in part** to the extent Plaintiff may raise state law tort or statutory claims as described above. The Motion is **denied** with respect to all other relief requested.

(4) Plaintiff's Motion for Extension of Time (Doc. 11) is **granted**; Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with the May 4, 2022 Order and this Order.

(5) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(6) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 6th day of June, 2022.

Honorable Steven P. Logan
United States District Judge